**B and D Investment Company, Appellee, v. Ray C. Peters et al., Defendants.**
**Appeal of Daniel D. Craft, Trustee, Appellant.**

**Gen. No. 8,720.**

Heard in this court at the October term, 1933. Opinion filed April 25, 1934.

CHESSICK & RIFKIND, for appellant; WILLIAM RIF-KIND, of counsel.

G. W. McGREW, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Ray C. Peters and his wife were in possession of the premises involved herein, under a purchase contract therefor with appellant. Appellant, Daniel D. Craft, held title to the premises, as trustee. Peters and his wife wanted to build a garage upon this lot, and on November 1, 1929, entered into a written contract with one J. J. Lenzey, Inc., as the contractor, to furnish all labor and material necessary to erect the desired improvement. This contract was signed by Peters and wife and J. J. Lenzey, Inc. by J. J. Lenzey, president. The contract set out in detail the improvements to be placed upon the premises together with the material that was to be used in the construction thereof. Appellant gave his consent to such improvement, just below the signature of Peters and wife, in the following words: "I hereby consent to above improvement. Daniel D. Craft, Trustee."

J. J. Lenzey, Inc., completed the improvement under the terms of the contract on or about November 26, 1929, and on December 3rd, following, assigned and transferred to appellee all its right, title and interest in the contract, together with all money due thereunder and all liens and claims for liens which might

arise or accrue thereunder, with full and complete power and authority to appellee to take all steps to enforce the contract in the same manner as the said Lenzey, Inc. might do. Subsequently appellee brought this bill to foreclose against said lot under the Liens Act, Cahill's St. ch. 82.

Appellant claims that at the time he gave his consent for the construction of the improvement upon these premises, Lenzey promised him he would sell the contract to appellant; and appellant says that he agreed in such event to give the said contractor the same discount on the contract as he could get anywhere else. Appellant claims that Lenzey in violation of his promise, sold the contract to appellee herein, and urges his consent was obtained thereto by the fraudulent representation of Lenzey that he would sell the contract to him. Appellant urges that because of such fraud, Lenzey lost his right to a lien, or was thereby estopped to assert it, and that appellee herein as his assignee is in no better legal position, and therefore without right to maintain this suit.

Appellant's consent to the improvement to be placed upon this lot was absolute and unconditional, and free from any qualification regarding any agreement or promise on the part of Lenzey to sell the contract to him. No claim is made that appellee knew anything about such a promise. It is a fundamental doctrine in equity that where one of two innocent persons must suffer by the fraud of a third person, the loss must fall upon him who by his conduct put it in the power of such third person to cause the injury. *Decatur Lumber & Mfg. Co. v. Crail,* 350 Ill. 319, 325; *Vetesnik v. Magull,* 347 Ill. 611. The fraud claimed by appellant did not go to the execution of the instrument. He knew and understood the nature of the instrument that he signed, the purpose for which he was signing it, and the effect thereof. No trick or artifice was used to procure his signature. We do not understand that

the fraud claimed by appellant in this case is such as to be effective against appellee, whose ownership of the contract as an innocent holder for value is not questioned.

Appellant by his unconditional consent to the construction of the improvement upon this property made it possible for Lenzey to effect the sale thereof to appellee, who in good faith paid its money therefor. The rule of equity which is founded on the principle that where one of two persons must suffer a loss, the one whose conduct made it possible for the loss to occur must bear the consequences, is applicable here.

The decree of the circuit court of DuPage county is affirmed.

*Decree affirmed.*